UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Hanna Thuo**, <br><br> Plaintiff, <br><br> v. <br><br> **National Car Cure, LLC, Matrix Warranty Solutions, Inc., Matrix Financial Services, LLC, and SING for Services, LLC d/b/a MEPCO,** <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Hanna Thuo** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **National Car Cure, LLC, Matrix Warranty Solutions, Inc., Matrix Financial Services, LLC, and SING for Services, LLC d/b/a MEPCO** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

1

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Dallas, Texas 75248.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant National Car Cure, LLC ("NCC") is a business entity with a mailing address at 1665 Palm Beach Lakes Blvd., Ste. 215, West Palm Beach, Florida 33401.

9. Defendant Matrix Warranty Solutions, Inc. ("MWS") is a business entity with principal place of business and mailing address at 2600 E. Southlake Blvd., Ste. 120-311, Southlake, Texas 76092, and can be served through its registered agent at United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701-3136.

10. Defendant Matrix Financial Services, LLC ("MFS") is a business entity with principal place of business and mailing address at 3100 McKinnon Street, Suite 420, Dallas, Texas 75201, and can be served through its registered agent at United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

11. Defendant SING for Services, LLC d/b/a MEPCO ("SING") is a business entity with principal place of business and mailing address at 205 North Michigan Avenue, Suite 2200, Chicago, Illinois, 60601, and can be served through its registered agent at Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

12. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. MWS provides extended warranty services to consumers.

15. To generate business through sales, MWS relies on telemarketing services conducted by third parties.

16. One of MWS's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

17. MWS also utilizes pre-recorded messages in its telemarketing to solicit business.

18. Beginning on or about November 2019, NCC began calling Ms. Thuo on her cellular phone ending in 6220 attempting to sell Plaintiff a MWS automobile warranty.

19. The area code for the number ending in 6220 is 972.

20. Area code 972 is an area code used in the Dallas, Texas area.

21. In placing calls to Plaintiff's number with area code 972, Defendant knowingly and deliberately availed itself to this forum state.

22. Plaintiff has only used this number as a personal cellular telephone.

23. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from NCC.

24. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

25. Plaintiff's cellular telephone number ending in 6220 has been on the Do Not Call Registry since August 2019.

26. Despite registration on the Do Not Call Registry, NCC placed calls to Ms. Thuo.

27. Upon information and belief, when contacting Ms. Thuo, NCC used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

28. Upon information and belief, NCC maintains a stored list of 10 digit telephone numbers of consumers in its database for communication purposes.

29. Upon information and belief, NCC utilizes a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

30. The dialing system used by NCC calls phone numbers stored in those databases.

31. Accordingly, NCC's dialing systems have the capacity to dial numbers using a random or sequential number generator.

32. Upon information and belief, NCC's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

33. NCC's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

34. Furthermore, NCC's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

35. The operation of the random/sequential number generator, referred to above results in NCC's dialing system automatically placing calls to the 10 digit telephone numbers in NCC's stored list(s).

36. Plaintiff believes and avers that NCC called her with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause or delay or pre-recorded message prior to a live representative of Defendant coming on the line.

37. While Plaintiff has not had the benefit of discovery, she intends to prove NCC utilized an automatic telephone dialing system in the course of discovery.

38. When Plaintiff spoke with a live individual, she was solicited for a MWS warranty.

39. On or about October 31, 2019, in order to ascertain who was responsible for the calls, Ms. Thuo purchased a MWS automobile warranty from NCC.

40. On November 1, 2019, Defendant NCC sent correspondence to Ms. Thuo and provided her with information about the MWS warranty she purchased. See Exhibit "A."

41. The contract booklet attached to the email included a welcome letter, information about the warranty, and a payment plan agreement. See Exhibit "B."

42. The contract booklet from NCC identified the "Payment Plan Provider" as SING, the "Obligor" as MFS, and the "Administrator" as MWS. See Id.

43. Upon information and belief, Defendants SING, MFS, and MWS authorized Defendant NCC to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

44. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2019.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2019.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### COUNT III
### DEFENDANT VIOLATED § 302.101 OF
### THE TEXAS BUSINESS AND COMMERICAL CODE

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Hanna Thuo,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    g.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    h.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Hanna Thuo,** demands a jury trial in this case.

Respectfully submitted,

Dated: 05/25/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com